UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN HENRY McMURRY-BEY,

    *Plaintiff*,                      CASE NO. 10-CV-13357

*v*.                                DISTRICT JUDGE DENISE PAGE HOOD
                                      MAGISTRATE JUDGE CHARLES BINDER

VERNON STEVENSON, *et al.*,

    *Defendants*.
                           /


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**


**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte*

**DISMISSED**.[1]


**II.    REPORT**

    **A.    Introduction**

Plaintiff John Henry McMurry-Bey is a state prisoner who is currently incarcerated at the

Lakeland Correctional Facility in Coldwater, Michigan. On August 24, 2010, Plaintiff filed a *pro*

*se* Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983. On September 14, 2010, U.S.

District Judge Denise Page Hood referred all pretrial matters to the undersigned magistrate judge.

Plaintiff's application to proceed without prepayment of fees pursuant to the *in forma pauperis*

---

[1]I note that in the event this Report and Recommendation is adopted, Plaintiff's pending motion for substituted service (Doc. 3) will be moot.

statute, 28 U.S.C. § 1915(a)(1), was granted on September 20, 2010. After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

**B.     Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 requires "that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001).

A civil rights action under 42 U.S.C. § 1983 consists of two elements: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). "If a plaintiff fails to make a

showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### C. The Complaint

Plaintiff filed a 97-page complaint, typed and singled-spaced, against 20 defendants setting forth 23 causes of action. (Compl., Doc. 1.) He begins the complaint by stating that he is "John Henry: McMurry-Bey Moorish American National" who appears before this Court "by special visitation." (Compl. at 6.) The complaint next includes a two-page section entitled "Questions." (*Id*.) The first question is:

> What branch of law authorized the states to apply abolished slave labels Negro, Black and Colored to any person, of African decent [sic], after 1865? This act reinstates such persons as chattel-property and reopens the institution of slavery under Colorable Constitutional Amendments.

(*Id*.) The next five pages discuss the "Biological and Organic Origin of the Negro and Black," the "Denotative, Connotative and Social/Political Applications of Negro/Black," and a list of what Plaintiff is not and what Plaintiff believes he is ("I am a 'stateless person' and a 'transient foreigner' with no legal domicile not within a 'State' . . . and immune from the jurisdiction of the federal courts . . . ."). (Doc. 1 at 11.)

Plaintiff's Statement of Facts spans more than 25 pages and gives very specific details of incidents that occurred at two different prisons over a four-year time span beginning in June 2006 and ending in May 2010. (*Id*. at 13-39.) Many of the allegations involve Plaintiff's medical care. The 23 Causes of Action are set forth over 38 pages. (*Id*. at 40-78.) The final 18 pages of the complaint include the "Holy Covenant of the Asisatic [sic] Nation" and other documents apparently pertaining to the Moorish Americans. (Doc. 1 at 80-98).

### D. Analysis & Conclusion

Rule 8(a) requires a plaintiff to file a complaint that sets forth "a short and plain statement of the claim . . . ." FED. R. CIV. P. 8(a)(2). In addition, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Clearly the complaint in this case is in violation of Rule 8.

When a pleading is so verbose that neither the court nor the defendants can readily identify the claims asserted, the complaint should be dismissed for failure to comply with the Federal Rules of Civil Procedure. *See Flayter v. Wisconsin Dep't of Corrections*, 16 Fed. App'x 507, 509 (7th Cir. 2001) (116-page prisoner civil rights complaint subject to dismissal pursuant to Rule 8(a)(2)); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Vicom v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss with prejudice pursuant to Rule 8(a); noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); *Plymale v. Freeman*, No. 90-2202, 1991 WL 54882 (6th Cir. Apr. 12, 1991) (affirming dismissal with prejudice for failure to comply with Rule 8); *Gipbsin v. Kernan*, No. CIV S-07-0157, 2008 WL 1970090, at *3 (E.D. Cal. May 5, 2008) (a complaint should not include "preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like").

Moreover, the Sixth Circuit has "held that the district courts are not to permit plaintiffs to amend a complaint to avoid dismissal." *Cantley v. Armstrong*, No. 09-1092, 2010 WL 3245548,

at * 1 (6th Cir. Aug. 17, 2010) (citing *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999)). Accordingly, since I conclude that, in this case, Plaintiff's complaint is clearly in violation of Rule 8, I suggest that it is subject to *sua sponte* dismissal with prejudice.

In addition to being subject to dismissal for being in violation of Rule 8, I also suggest that the complaint is subject to dismissal for being in violation of the rules governing joinder. *See* FED. R. CIV. P. 18 & 20. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the plaintiff filed a prisoner civil rights complaint asserting 50 claims against 24 defendants. The Court of Appeals for the Seventh Circuit explained the application of the joinder rules:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*Id*. at 607.

In this case, Plaintiff has attempted to combine into one lawsuit many unrelated claims against many different defendants. For example, Plaintiff's Thirteenth Cause of Action is against Defendant Michigan Department of Corrections and Defendant Prison Healthcare Services, Inc., and alleges "Breach of Contract as to Third-Party Beneficiary." (Doc. 1 at 49.) Plaintiff's Fourteenth Cause of Action alleges that the Michigan Department of Correction's internet websites, including the Offender Tracking Information System (OTIS), are "Fraudulent and Incorrect Based on Denationalization and Genocide." (Doc. 1 at 53.) Plaintiff's Twenty-First Cause of Action alleges that Defendant Doctor Syed M. Sohail and Defendant Patricia Willard

denied him access to a special diet in July 2010 that was necessary in light of his medical condition. (Doc. 1 at 71-73.) Clearly, these are "unrelated claims against different defendants [that] belong in different suits." *George*, 507 F.3d at 607. Accordingly, I suggest that the complaint in this case is alternatively subject to dismissal because it is in violation of the rules governing joinder.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                            s/ Charles E Binder
                            CHARLES E. BINDER
Dated: September 29, 2010            United States Magistrate Judge

**CERTIFICATION**

      I hereby certify that this Report and Recommendation was electronically filed this date, and served by first class mail on John Henry, #223416, Lakeland Correctional Facility, 141 First St., Coldwater, MI, 49036.

Date: September 29, 2010          By     s/*Jean L. Broucek*
                                                   Case Manager to Magistrate Judge Binder